IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 99-445 |
| v. | : | |
| | : | CIVIL ACTION |
| DAMEIA O. SMITH | : | No. 16-3222 |

McHUGH, J.                                                                                          February 23, 2022

**MEMORANDUM**

This memorandum addresses two requests for relief brought by movant Dameia Smith. First, Mr. Smith has petitioned the Court to correct his sentence under 18 U.S.C. § 2255 by vacating his convictions under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). ECF 135, 137.[1]  Second, Mr. Smith has moved pro se for compassionate release under the "extraordinary and compelling reasons" prong of § 3582(c)(1)(A)(i). ECF 138.[2]

---

[1] This matter was then reassigned from the docket of Judge DuBois in September 2021. Mr. Smith filed his original motion in June 2016 along with an application to the Third Circuit seeking permission to file a second or successive § 2255 motion. ECF 135. In August 2019, Mr. Smith renewed his motion, ECF 137, following the Third Circuit's order granting him leave to file the second or successive petition, ECF 136. Judge DuBois did not request a response from the government, presumably waiting for the Third Circuit's decision in *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021).

I note for the record that Mr. Smith was represented by an attorney from the Federal Community Defender Office for the § 2255 motion. I also note that I have not ordered the Government to respond to original motion, because the issues presented here have been addressed by the Government in many other cases. Technically, therefore, my review and dismissal occurs pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

[2] The Federal Community Defender Office declined to represent Mr. Smith as to the compassionate release motion. *See* Order of July 9, 2020 at 1-2, ECF 148.

Mr. Smith was found guilty by a jury of an armed robbery and then the attempted murder of a federal witness to the robbery.[3]  He was sentenced by the Honorable Jan DuBois. Both the robbery and the attempted murder included 18 U.S.C. § 924(c) charges for the use of a firearm connected to those two crimes on which he was found guilty.  In addition to receiving a 121-month term of imprisonment for the underlying offenses, the 924(c) charges resulted in additional consecutive terms of 60 months and 300 months, for a total 481-month term. *See* Smith's 2255 Motion at 1-2, ECF 135; Gov't Resp. to 3582 Motion at 4, ECF 149.

Having reviewed the motions and various supplemental pleadings, I am compelled to conclude that Mr. Smith is not entitled to relief.

### The Motion Pursuant to § 2255

Mr. Smith filed his original petition soon after the Supreme Court's decision in *Johnson*, which struck the residual "force clause" of 18 U.S.C. § 924(e)(2)(B) as unconstitutionally vague. 576 U.S. at 606.  Movant's counsel argued that *Johnson* equally invalidated the residual clause of § 924(c)(3)(B), ECF 135 at 3, and that Mr. Smith's robbery and attempted murder charges did not qualify as "crimes of violence" under the categorical test of § 924(c)(3)(A), *id.* at 5.  The law has developed significantly since petitioner first moved for relief.  Mr. Smith has been proven correct regarding § 924(c)(3)(B), because the Supreme Court in *United States v. Davis* held the residual clause unconstitutional.  139 S. Ct. 2319, 2336 (2019).  Nevertheless, having reviewed applicable precedent from the Supreme Court and Third Circuit, I am persuaded that the specific crimes that Mr. Smith was convicted of are categorically "crimes of violence" under the element-of-force clause of § 924(c)(3)(A), with the result that Mr. Smith's claim for relief fails.

---

[3] Mr. Smith was also convicted of crimes related to unauthorized access of a computer in furtherance of a criminal act and solicitation to murder a federal witness, neither of which are at issue here.

In *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021), the Third Circuit expressly held that a "completed Hobbs Act robbery necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence." *Id.* at 326. Consequently, the sentence imposed with respect to Mr. Smith's conviction under § 924(c) related to the charge of Hobbs Act robbery is lawful.

With respect to the second offense under Section 924(c), attempted murder, he argues that neither the law of attempt nor the substantive crime of murder satisfies the element-of-force clause of § 924(c)(3)(A). ECF 135 at 5-6. His argument as to attempt is disposed of by the Third Circuit's decision in *Walker*, where it "read the words 'attempted use' in the elements clause of § 924(c) to capture attempt offenses," such that "attempted Hobbs Act robbery is categorically a crime of violence under § 924(c)." 990 F.3d at 330. As to the substantive underlying offense of murder, I conclude that it is categorically a crime of violence under § 924(c), such that attempted murder constitutes a crime of violence. Section 924(c)(3)(A) looks to whether the predicate offense has "as an element the use … of physical force against the person … of another." Mr. Smith's murder charge was under 18 U.S.C. § 1512, which includes the element of killing or attempting to kill another person. Counsel argues that because one could use poison to kill someone "by non-forcible means," murder is not categorically a crime of violence. ECF 135 at 6. The Supreme Court has held that "the act of employing poison" to harm someone is an "application of force." *United States v. Castleman*, 572 U.S. 157, 170-71 (2014). In the context of § 924(c) it has described "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original); *see also Hill v. United States*, 877 F.3d 717, 720 (7th Cir. 2017), *cert. denied*, 139 S.Ct. 352 (Oct. 09, 2018) (finding attempted murder a crime of violence under § 924(e)). To kill necessarily requires that

3

one utilize "force capable of causing physical pain or injury to another person" as required by *Johnson,* rendering murder a crime of violence under § 924(c). His sentence as related to this charge is also lawful, and his motion for relief under §2255 must be denied in its entirety.

### The Motion Pursuant to § 3582[4]

Mr. Smith's request for compassionate release, and the numerous supplemental filings related to it, is brought under the "extraordinary and compelling reasons" prong of § 3582(c)(1)(A)(i). He identifies several circumstances that he believes warrant the Court's exercise of its limited discretion to reduce the term of his imprisonment.[5] First, Mr. Smith points out that the consecutive stacking of § 924(c) sentences for first-time § 924(c) offenders was repealed by Section 403 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, such that were he sentenced today he "would have received a much lower sentence." ECF 145. Second, Mr. Smith contends that he "is at high risk [of] exposure to COVID-19 here at FCC Lompoc." ECF 138. Third and finally, Mr. Smith identifies a number of sympathetic personal circumstances including his young age of 26 when sentenced, the low likelihood of his recidivism, and a difficult family situation that could benefit from his presence. ECF 147 at 3-6; ECF 153 at 15-16. Although it is within my discretion to determine whether "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment under the Act, my discretion is confined by law, precedent, and the dictates of justice. Here, none of Mr. Smith's identified circumstances reach the level of "extraordinary and compelling reasons" required by § 3582(c)(1)(A)(i).

---

[4] To meet the conditions of § 3582(c)(1)(A), Mr. Smith contends that he made a request to the warden of his facility to bring a request for his compassionate release to the Court and that 30 days had lapsed prior to his filing the instant motion. ECF 138 at 2. The government does not contest this.

[5] In addition to Mr. Smith's original motion, ECF 138, he has filed several briefs, letters, and exhibits, both at the Court's direction and on his own initiative—ECF 145, 146, 147, 153, 155, 156, 159, 160, 163, 164—all of which have been reviewed.

In *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), the Third Circuit conclusively held that the passage of the First Step Act reducing sentences under § 924 prospectively does not give rise to "extraordinary and compelling reasons" justifying compassionate release. The Court of Appeals noted that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance," *id.* at 260-61, specifically finding that "[t]he nonretroactive changes to the § 924(c) mandatory minimums also cannot be a basis for compassionate release," *id.* at 261. It reasoned that Congress had specifically decided not to apply the § 924(c) changes retroactively, and that if courts cited the reform of § 924(c) as a basis to reduce sentences it "would sow conflict within the statute." *Id.* In light of the Third Circuit's binding precedent in *Andrews*, I cannot find the "nonretroactive changes to the § 924(c) mandatory minimums" to be an "extraordinary and compelling" reason to grant Mr. Smith compassionate release. *Id.* at 261.

In addition to the legislative change in § 924(c)'s mandatory minimums, Mr. Smith argues that the COVID-19 pandemic and the inability of Bureau of Prisons to implement sufficient prevention measures in the confined setting of FCI Lompoc also provides a basis for "extraordinary and compelling reasons" meriting compassionate release. Despite being pro se, Mr. Smith cites a comprehensive series of cases, scientific authorities, and journalistic reports to support his motion. *See* ECF 153 at 12-15. Although Mr. Smith's fears about the pandemic are understandable, the Court of Appeals has made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020). Clearly, the efforts of the Bureau of Prisons have been met with mixed success, as

outbreaks have occurred, including at FCI Lompoc where, over the course of the pandemic, over 500 prisoners have been infected and at least 3 have died. *See* Federal Bureau of Prisons, *Coronavirus* (updated Feb. 18, 2022), https://www.bop.gov/coronavirus/.

However, Mr. Smith's circumstances do not suggest a heightened risk from COVID-19 infection. In October and November 2021, he received his first and second doses of the Moderna vaccine, and in that filing with the Court he states that his initial delay in receiving the vaccine "was due to lack of knowledge." ECF 164. Sometime in the spring or summer of 2020, he contracted COVID-19 and has since recovered. ECF 153 at 14. Mr. Smith has not identified any individual medical conditions that put him at heightened risk should he contract the disease again. Because Mr. Smith has received both doses of the vaccine, has some degree of natural immunity from having contracted COVID-19, and does not have any individual high-risk health factors, I cannot deem him to be at heightened risk. As I have previously held, "the available data confirms the extreme effectiveness of the vaccines." *United States v. Jones*, 2021 WL 1561959, at *1 (E.D. Pa. Apr. 21, 2021). As numerous federal courts, including several here in the Eastern District of Pennsylvania, have found, given the effectiveness of the vaccines, the novel COVID variants also do not present such an increase of risk as to justify granting compassionate release. *See, e.g.*, *United States v. Graham*, No. CR 12-418-2, 2022 WL 254623 (E.D. Pa. Jan. 27, 2022) (Sánchez, C.J.); *United States v. Martin*, No. CR 98-178, 2021 WL 4169429 (E.D. Pa. Sept. 14, 2021) (Kearney, J.); *United States v. Gibbs*, No. CR 96-539-2, 2021 WL 3929727 (E.D. Pa. Sept. 2, 2021) (Bartle, J.). I therefore conclude that the COVID-19 pandemic and Mr. Smith's personal health risks related to it do not qualify as "extraordinary and compelling reasons" to grant him compassion release.

Finally, Mr. Smith identifies a number of more personal circumstances that he believes qualify him for compassionate relief. He notes that he was 26 when sentenced and was subject to an extremely long sentence of 40 years. He also argues, backed by a risk level sheet from the correctional facility, that he's at low risk of recidivism and wants to be a productive member of society. ECF 153 at 17-18; ECF 155 (risk level sheet). He points out that he has worked in UNICOR for over 9 years, has regularly taught healthy lifestyle and exercise classes to fellow prisoners, and is a mentor to many younger prisoners. ECF 138 at 2-3. And finally, he represents that his 70-year-old mother has medical conditions and would benefit from Mr. Smith's availability to live with her and care for her, especially in light of his sister's mental health issues. ECF 163 at 2. His efforts at rehabilitation are commendable. And there is no question that his sentence from Judge DuBois was as substantial one. But these circumstances do not differ from those in *Andrews*, where relief was denied. 12 F.4th at 262.

I must also consider the factors set forth in 18 U.S.C. § 3553(a). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense ... to afford adequate deterrence to criminal conduct ... [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2). Mr. Smith's robbery of a business that involved pointing a firearm at the head of a worker is by itself concerning. But the actions that followed, which include soliciting and attempting to murder a witness to the robbery using personal information accessed through the abuse of privileges granted to him as an IRS employee, demonstrate a calculated intentionality, the seriousness of which is reflected in his sentence. His release in the absence of compelling

circumstances would not reflect the seriousness of his crimes, promote respect for the law, or adequately deter him from future criminal behavior.

## **Conclusion**

For these reasons, Mr. Smith's motion to modify his sentence under § 2255 will be denied and there is no basis on which to issue a certificate of appealability. Mr. Smith's motion for compassionate release under § 3582(c)(1)(A)(i) will also be denied. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge