IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | **No. 99-445** |
| | : | |
| **DAMEIA O. SMITH** | : | |

**McHUGH, J.**                                                                                              **May 30, 2024**

<u>**MEMORANDUM**</u>

Petitioner Dameia Smith moves to correct his criminal sentence pursuant to 28 U.S.C. § 2255. ECF 135. He argues that his conviction under 18 U.S.C. § 924(c) must be vacated because his predicate offense – attempting to kill a federal witness – is not a "crime of violence" under the categorical approach. I disagree and will deny the motion.

**I.       Relevant Background**

Mr. Smith was convicted and sentenced in August, 2000, on two counts of using or carrying a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c). His predicate "crimes of violence," for which he was also convicted and sentenced, were (1) a completed Hobbs Act robbery, 18 U.S.C. § 1951, and (2) attempting to kill a federal witness, 18 U.S.C. § 1512(a)(1).

In 2016, Mr. Smith moved to vacate both of his § 924(c) convictions, citing the Supreme Court's then-recent decision in *Johnson v. United States*, 576 U.S. 591 (2015). *Johnson* found the "residual clause" of the Armed Career Criminal Act unconstitutionally vague, and Mr. Smith sought to extend *Johnson*'s holding to similarly vague language in § 924(c). The Supreme Court shared Mr. Smith's view, and while his motion was still pending, the Court found the "residual clause" of § 924(c) unconstitutional as well. *United States v. Davis*, 588 U.S. 445 (2019).

Before his § 2255 motion was decided, Mr. Smith's case was reassigned to me. In 2022, relying on Third Circuit precedent, I rejected the motion. ECF 165 & 166. Although *Davis*

1

invalidated the "residual clause" of § 924(c), it did not disturb the statute's "element-of-force" clause.  *See* 18 U.S.C. § 924(c)(3)(A).  Under this clause, if a felony is a "crime of violence," a corresponding § 924(c) conviction remains valid.  And after reviewing both of Smith's predicate convictions – for completed Hobbs Act robbery and for attempting to kill a federal witness – I concluded that "the specific crimes that Mr. Smith was convicted of are categorically 'crimes of violence' under the element-of-force clause of § 924(c)(3)(A)."  ECF 165 at 2.

Mr. Smith appealed my decision, and in August, 2022, the Third Circuit remanded the matter based on yet another update from the Supreme Court.  *See United States v. Taylor*, 596 U.S. 845 (2022).  *Taylor* held that attempted Hobbs Act robbery is not a "crime of violence" under § 924(c).  As a result, the parties here filed a joint motion to stay this case until the Third Circuit clarified whether *completed* Hobbs Act robbery still qualified as a "crime of violence" after *Taylor*.  ECF 175.  Several months later, the Third Circuit did so, confirming that completed Hobbs Act robbery is indeed a "crime of violence."  *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023).

In light of *Stoney*, Mr. Smith now concedes that his § 924(c) conviction, predicated on a completed Hobbs Act robbery, "remains valid."  ECF 186 at 1.  But he maintains that his other § 924(c) conviction, predicated on an attempt to kill a federal witness, must be vacated because it is not a "crime of violence."  So, after this long and complicated procedural history, the sole issue back before me is whether attempting to kill a federal witness under 18 U.S.C. § 1512(a)(1) is a "crime of violence" within the meaning of Section 924(c).  I again conclude that it is.

**II.    Discussion**

Section 1512(a)(1) creates a felony offense for "[w]hoever kills or attempts to kill another person" to prevent their testimony in a federal proceeding.  Its elements can be summarized as (1) a killing or attempted killing, (2) committed with a particular intent (a) to prevent a communication

(b) about the commission or possible commission of a federal offense (c) to a federal law enforcement officer or judge. *Fowler v. United States*, 563 U.S. 668, 672 (2011).[1]

To determine if a felony is a "crime of violence" under § 924(c), courts must employ the categorical approach, by which "[t]he only relevant question is whether the federal felony at issue always requires the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force." *United States v. Taylor*, 596 U.S. 845 (2022). The actual facts of the case at hand are irrelevant to this inquiry. *Id.* In this context, "force" means physical force, defined as "simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force." *United States v. Castleman*, 572 U.S. 157, 170 (2014).

The Third Circuit has not yet considered whether an "attempted killing" remains a categorical crime of violence after *Taylor*. But other federal courts have uniformly found that an attempted killing *is* a crime of violence because it necessarily requires proof, beyond a reasonable doubt, of an attempt to use "force."[2] In 2023, for example, the Ninth Circuit considered the same statute at issue here and found that, even after *Taylor*, attempting to kill a federal witness remains a crime of violence. *Dorsey v. United States*, 76 F.4th 1277, 1282-84 (9th Cir. 2023) ("[T]he holding in *Taylor* rests on a mismatch between § 924(c) and the specific elements of Hobbs Act robbery. That mismatch does not exist with respect to § 1512(a)(1).").

---

[1] The full provision states: "Whoever kills or attempts to kill another person, with intent to — (A) prevent the attendance or testimony of any person in an official proceeding; (B) prevent the production of a record, document, or other object, in an official proceeding; or (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings; shall be punished as provided in paragraph (3)." 18 U.S.C. § 1512(a)(1).

[2] *See, e.g.*, *United States v. Williams*, No. 94-196, 2023 WL 7285141 (E.D. Pa. Nov. 3, 2023) (Brody, J.) (finding that an "attempt to kill" a federal agent under 18 U.S.C. § 1114 is a crime of violence); *United States v. Mejia*, No. 05-32-1, 2022 WL 13801066 (E.D. Pa. Oct. 21, 2022) (Sánchez, C.J.) (same); *United States v. States*, 72 F.4th 778, 787-91 (7th Cir. 2023) (same).

These courts have all recognized that "where a crime of violence requires the use of physical force . . . the corresponding *attempt* to commit that crime necessarily involves the *attempted* use of force." *United States v. Taylor*, 979 F.3d 203, 209 (4th Cir. 2020) (emphasis added), *aff'd*, 596 U.S. 845 (2022). Here, because there is "no question that intentionally causing the death of another person involves the use of force," *United States v. Pastore*, 83 F.4th 113, 120 (2d Cir. 2023), it follows that an attempt to intentionally kill inherently involves an attempt to use force. *See Oyebanji v. Gonzales*, 418 F.3d 260, 264 (3d Cir. 2005) ("[Q]uintessential violent crimes," like "murder, assault, battery, rape, etc. involve the intentional use of force."). This reasoning is further reflected in the requirement that, "to be guilty of an attempted killing," the defendant "must have taken a substantial step towards that crime and must also have had the requisite *mens rea*." *Braxton v. United States*, 500 U.S. 344, 349 (1991). Such an attempt is therefore a "crime of violence" under § 924(c).

Mr. Smith contests the logic outlined above. He argues in response that, theoretically, it is possible to take a "substantial step" toward killing someone without necessarily "attempting to use physical force." ECF 186 at 3. He offers a scenario in which a defendant attempts to kill a witness by learning their route home from work, waiting until the right time of day, and then driving a car along the route in hopes of running the witness over. According to Smith, if the defendant is stopped by police before they can complete the killing, they are guilty of "attempting to kill" the witness under § 1512(a)(1), but somehow not guilty of "attempting to use force" under § 924(c). Smith claims that although the defendant intended to kill, and took the substantial step of "planning to run over [the witness] and starting to head in that direction," they ultimately "did not 'attempt' to use such force" because their "car was parked and nowhere near" the witness. ECF 186 at 3-4. I disagree. Such a defendant still drove their vehicle in an *attempt* to use *force* to intentionally kill,

4

but there happened to be timely police intervention. Ultimately, Smith's scenario reinforces the conclusion that courts have unvaryingly reached and which I adopt: no jury can find a "substantial step" toward an intentional, attempted killing without necessarily finding that the defendant at least *attempted* to use some kind of physical force in the process.

In a footnote, the defense cites *United States v. Harris*, 68 F.4th 140, 146-47 (3d Cir. 2023), a case derived from the Third Circuit's decision in *United States v. Mayo*, 901 F.3d 218 (3d Cir. 2018). *See* ECF 186 at n.5. It may be that the Third Circuit will extend *Mayo* in this context, but I decline to hold that an attempted intentional killing is not a "crime of violence" under § 922(c).

### III. Conclusion

For the reasons set forth above, Mr. Smith's motion to vacate his § 922(c) convictions and amend his sentence will again be denied. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge